IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Gale Underwood,<br><br>　　　　Petitioner,<br><br>vs.<br><br>E.W. Morris, et al.,<br><br>　　　　Respondents. | No. CV-08-8049-PCT-NVW (LOA)<br><br>**REPORT AND RECOMMENDATION** |

This matter arises on Petitioner's Amended Petition for Writ of Habeas Corpus by Person in State Custody Pursuant to 28 U.S.C. §2254. (docket # 8) Respondents have filed a Motion to Dismiss the Petition because Petitioner has ongoing post-conviction proceedings before the Arizona courts. (docket # 13) Respondents alternatively request that the matter be stayed pending resolution of Petitioner's state court proceedings. (docket # 13 at 5) The Court directed Petitioner to file a response to Respondents' motion. Petitioner has filed a response advising the Court that he agrees with Respondents' analysis and seeks to voluntarily dismiss his Petition, without prejudice, so that he may pursue his state-court remedies. (docket # 15)

**I. Background**

On November 29, 2005, Petitioner was indicted in the Navajo County Superior Court of theft of means of transportation and unlawful flight from a law enforcement officer (Respondents' Exhs. A, B; Petitioner's Exh. 2 to docket # 8) Following a jury trial, Petitioner was convicted on March 1, 2006 and sentenced on March 31, 2006. (Respondents' Exh. A) Petitioner sought review in the Arizona Court of Appeals. On

1  January 23, 2007, the Court of Appeals affirmed Petitioner's convictions and modified his
2  sentence to reflect that count two, theft of means of transportation, and count three, unlawful
3  flight from a law enforcement vehicle, were repetitive offenses under A.R.S. § 13-604.
4  (docket # 8 at 2, Petitioner's Exh. 2)
5  On April 5, 2006, Petitioner filed a notice of post-conviction relief.  The court
6  subsequently dismissed the proceedings for failure to prosecute on September 5, 2007.
7  (Respondents' Exhs. E, F)
8  On April 21, 2008, Petitioner filed a Petition for Writ of Habeas Corpus.  (docket
9  # 1)   He filed an Amended Petition on June 11, 2008.  (docket # 8) Petitioner raises five
10 grounds for relief:

    1. Whether the trial court erred by considering records of his Maricopa County conviction because the evidence was not properly self-authenticated as required by Arizona Rules of Evidence 902(2) or (4).

    2. Whether the trial court erred by concluding that Petitioner's admission at trial that he had a prior Maricopa County felony conviction permitted the court to find the existence of a prior conviction in Maricopa County which resulted in an enhanced sentence.

    3. Whether post-conviction counsel was ineffective for failing to timely request an extension of time to file a petition for post-conviction relief resulting in dismissal of Petitioner's Rule 32 petition?

    4. Whether appellate counsel was ineffective for failing to provide the court of appeals with the documents provided to the trial court as evidence of Petitioner's Maricopa County conviction.

    5. Whether trial counsel was ineffective for allowing Petitioner to testify in view of the fact that Petitioner was taking medication which diminished his memory.

22 (docket # 8)
23 On October 27, 2008, Respondents filed the pending Motion to Dismiss the
24 Petition in view of Petitioner's pending proceedings in State court.
25 The record reflects that on August 11, 2008, Petitioner filed a notice of post-
26 conviction relief in the Superior Court of Arizona, Navajo County.  (Respondents' Exh. B)
27 In that pleading Petitioner alleges that the failure to file a timely Rule-32 petition was
28 without fault on his part but, rather, was the fault of post-conviction counsel.  (Respondents'

Exh. B)  The trial court appointed counsel who has entered an appearance for Petitioner. (Respondents' Exhs. C, D)  Thus, Petitioner is currently litigating the same claim of ineffective assistance of counsel in State court which he advances in the pending petition.

**II. Exhaustion**

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To exhaust a claim, a petitioner must describe both the operative facts and the federal legal theory so that the state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim. *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir.2003).  In cases not carrying the death penalty, claims are exhausted once the Arizona Court of Appeals has ruled on them. *See Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir.1999).

A petitioner has not exhausted state court remedies if he has a state appeal or post-conviction proceeding pending at the time he files a petition for writ of habeas corpus in federal court. *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Schnepp v. Oregon*, 333 F.2d 288, 288 (9th Cir. 1964) (stating that state prisoner did not exhaust state remedies where post-conviction proceeding was pending in state courts); *Martineau v. Elliot*, 2008 WL 3582811, * 1 (D.Ariz., August 13, 2008) (denying habeas corpus petition as premature where petitioner presently had a Rule 32 petition pending in the Maricopa County Superior Court).

In view of the pending proceeding in state court, which could affect Petitioner's convictions and which could also ultimately affect these proceedings, it is inappropriate for this Court to rule on Petitioner's claims at this time. *Sherwood*, 716 F.2d at 634 (stating that even where claim to be challenged has been finally settled in state courts, petitioner must await outcome of his appeal in state court before remedies are exhausted); *Schnepp v. Oregon*, 333 F.2d 288 (9th Cir.1964) (*per curiam* ) (pending post-conviction proceedings precluded grant of writ of habeas corpus)

Petitioner concedes that he is pursuing state post-conviction relief and seeks to voluntarily dismiss his petition for writ of habeas corpus. (docket # 15)  Petitioner will suffer no prejudice as a result of a dismissal without prejudice. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (holding that a petition filed after a mixed petition has been dismissed for failure to exhaust before the district court adjudicated any claims is not a second or successive petition.)[1]

Because this habeas action is premature and Petitioner requests to dismiss his Petition, the Court will dismiss the Petition without prejudice.  Respondents alternatively request to stay the petition and hold it in abeyance.  The Court will deny this request in view of Petitioner's request to dismiss his Petition.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Respondents' Motion to Dismiss (docket # 13) be **GRANTED** and that Petitioner's Amended Petition for Writ of Habeas Corpus by Person in State Custody Pursuant to 28 U.S.C. §2254 (docket # 8) be **DISMISSED** without prejudice.

**IT IS FURTHER RECOMMENDED** that Respondents' alternative Motion to Stay and Abey the Petition for Writ of Habeas Corpus (docket # 13) be **DENIED** as moot.

DATED this 25th day of November, 2008.

Lawrence O. Anderson
United States Magistrate Judge

---

[1] It appears that the AEDPA statute of limitations has not run and that it will be tolled while Petitioner pursues his post-conviction proceedings in state court. The Court, however, does not offer any opinion regarding the statute of limitations and is not obligated to advise Petitioner regarding that issue. *See Pliler v. Ford*, 542 U.S. 225 (2004) (holding that federal district judges are not required to give *pro se* litigants warnings regarding the statute of limitations.) District judges are not obligated to act as counsel to *pro se* litigants. *McKaskle v. Wiggins*, 465 U.S. 168, 183-184 (1984) (stating that "[a] defendant does not have a constitutional right to receive personal instruction from the trial judge on courtroom procedure" and that "the Constitution [does not] require judges to take over chores for a *pro se* defendant that would normally be attended to by trained counsel as a matter of course.").